### In re Emma TOWNSEND, Freddie J. Townsend, Debtors.

**Bankruptcy No. 93–44586–399.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 14, 1994.

Shirley W. Ovletrea, St. Louis, MO, for debtors.

John V. LaBarge, Jr., Chapter 13 Trustee, Diana S. Daugherty, St. Louis, MO, for Chapter 13 Trustee.

### ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

This matter came before the Court on the confirmation of Debtors, Emma and Freddie Townsend's, First Amended Chapter 13 Plan. At the confirmation hearing, attorney for the Chapter 13 Trustee, Diana Daugherty, objected to confirmation because under the amended plan, the proposed payments will not pay in enough funds to pay off home mortgage arrears within the 24 months stated in the plan.[1] Amended Plan at ¶ 2. Indeed the amended plan proposes to pay the Debtors' attorney ahead of and to the exclusion the home mortgage arrearage.

---

1. Under the Local Rules as they existed prior to July 1, 1993, debtors were permitted to cure home mortgage arrears within 24 months payable in equal monthly installments.

This Court finds that the First Amended Plan is inconsistent with the spirit of § 1322(b)(5). The relevant language of § 1322(b)(5) reads: "the plan may ... provide for the curing of any default within a reasonable time ..." § 1322(b)(5). The opportunity to cure a default is a shield by which a debtor can heal a delinquent debt. It is not a sword which the debtor can use to further delay payment while the attorney collects a fee.[2] Curing of any default within a reasonable time means payments in equal monthly installments over the first 24 (now 30) months after the filing of the plan. Payment of attorney fees cannot usurp the obligation to provide equal monthly payments beginning with the first disbursement under the plan. It is therefore

ORDERED that Confirmation of Debtor's First Amended Chapter 13 Plan is DENIED; it is further

ORDERED that Debtor has 20 days to file an amended plan.

---

**2.** This Court can find no section of the Bankruptcy Code which states or even suggests that attorney fees should be paid ahead of any creditor. Section 1322(a)(2) requires *only* that attorney fees be paid in full.